AO 245B (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
V.
KYLE BARTOLAIN

**JUDGMENT IN A CRIMINAL CASE**

FILED
DEC 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case Number: 06-236-01

USM Number:

Mark J. Petrovich, Esquire
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 of the Information

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2423 | Travel With Intent to Engage in Illicit Sexual Conduct | 7/14/2006 | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 19, 2006
Date of Imposition of Judgment

Gladys Kessler
Signature of Judge

Gladys Kessler, U.S. District Court Judge
Name of Judge / Title of Judge

December 27, 2006
Date

DEFENDANT: KYLE BARTOLAIN
CASE NUMBER: 06-236-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

EIGHTEEN (18) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at __________ ☐ a.m. ☐ p.m. on __________ .
- ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on __________ .
- ☐ as notified by the United States Marshal.
- ☑ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

at __________, with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KYLE BARTOLAIN
CASE NUMBER: 06-236-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

TEN (10) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KYLE BARTOLAIN
CASE NUMBER: 06-236-01

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall not possess, or use, any data encryption technique or program and shall refrain from accessing, via computer, any material that relates to the activity in which the defendant was engaged when committing the instant offense. The defendant shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and he shall make the log available to the Probation Office for review. He shall consent to third party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon him.

The defendant shall participate in a mental health treatment program, which may include outpatient counseling or residential placement, as approved and directed by the Probation Office.

The defendant shall consent to third party disclosure to any employer or potential employer concerning any restriction that the Probation Officer deem appropriate.

The defendant shall be restricted from engaging in employment, consulting, or association with children as a profession for the duration of his supervision.

The defendant shall not utilize "900" adult telephone numbers; he shall not utilize any other sexually related telephone numbers; and he shall not enter any sexually oriented "chat rooms" on any computer. If required by his Probation Officer, he shall confirm compliance through submission of personal/business telephone records.

The defendant shall have no direct contact with children, age 18 or younger, and shall refrain from loitering in any place where children, age 18 or younger, congregate, including, but not limited to, residences, malls, parks, playgrounds, and schools. The Probation Officer has the discretion to request the Court to modify this provision at any time so as to either make it more or less restrictive.

DEFENDANT: KYLE BARTOLAIN
CASE NUMBER: 06-236-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ Not Imposed | $ N/A |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KYLE BARTOLAIN
CASE NUMBER: 06-236-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ ____________ due immediately, balance due

☐ not later than ____________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Special Assessment shall be paid within 90 days or from prison earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KYLE BARTOLAIN, Plaintiff,

v.

KYLE BARTOLAIN, Defendant.

Docket Number: CR 06-236

Washington, D.C.
December 19, 2006
4:15 p.m.

EXTRACT OF PROCEEDINGS

EXTRACT OF SENTENCING FOR JUDGE KESSLER'S USE
BEFORE THE HONORABLE GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: JULIEANNE HIMELSTEIN, ESQUIRE

For the Defendant: MARK PETROVICH, ESQUIRE

Court Reporter: SUSAN PAGE TYNER, CVR-CM
Official Court Reporter
Room 6824, U.S. Courthouse
Washington, D.C. 20001
(202) 371-2230

Proceedings reported by stenomask, transcript produced from dictation.

P R O C E E D I N G S

(Whereupon, the proceedings were reported by the court reporter but not transcribed herein.)

THE COURT: Well, I have given a great deal of thought to this sentencing. I think I knew even when I took the plea that it was going to be a very painful and difficult sentencing. Painful I am sure beyond words to your parents, and I am always keenly aware at sentencings that it is the family that often suffers the most, but that is just nothing that I have any control over at all.

In terms of the technical findings that I have to make, the total offense level in this case is 23. The criminal history category is one, I am quite sure -- let me double check it. Yes, it is one. And the applicable advisory guideline range is 46 to 57 months. The supervised release range is three years to life, and the fine range is $10,000 to $100,000.

As we all know, the guidelines at this point are advisory. Our Court of Appeals has ruled that a sentence within the guideline range will be considered by the Court of Appeals to be reasonable, and I am very aware of that.

The Supreme Court made clear in its rulings on the issues of the mandatory or non-mandatory nature of the guidelines that the court had to sentence in accordance with 18 U.S.C. 3553, and in accordance with all of the language

included in that statute, and the many factors included in that statute.

Significantly, the very first sentence of that statute says that the court shall impose a sentence sufficient but not greater than necessary to comply with all of the other subsections of the paragraph.

I think that sentence is significant. It is the first in that provision of the statute, and it is the opening sentence to provide a philosophical and a legal background to the court's consideration of all of the factors it has to take into account.

Again, as everybody knows, I am to consider the nature and circumstances of the offense, and the history and characteristics of the defendant, and the need for my sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant.

I am also supposed to consider, although I don't think it is relevant on the facts of this case, whether my sentence will provide the defendant with needed educational or vocational training or medical care, or other correctional treatment.

The reason that I say that I don't think that that provision is relevant is because obviously the defendant has

been getting appropriate medical and psychiatric care, and has been benefitting from it. And so I don't think that any kind of custodial sentence would in any way provide the defendant with what he cannot get in the community.

I very much appreciate the government's candor and good faith and objectivity in its presentation. The crime itself is so serious and the victims, the real victims, not police officers acting as decoys, but the real victims are so completely vulnerable, and usually so unable to effectively either identify the perpetrator of the crime or testify effectively, that it is very easy to demonize anybody involved in such an offense.

I don't know that counsel is all aware of this, but I was on Superior Court in our local court for many years, and for four of those years I was head of the Family Division. I have also tried my share of rapes and sexual offenses over in Superior Court, so I think I have a fair amount of experience in assessing these situations.

When I read the materials in this case, I did come to the same conclusion that the government did, that there is nothing in terms of the usual indicia that one looks at to suggest that Mr. Bartolain is either a pedophile or a repeat offender. No long hours of watching pornography. No unhealthy relationships with women that would drive him to this kind of inappropriate conduct.

Absolutely no prior contact with the criminal justice system, although that factor in and of itself often doesn't tell you very much. But I just saw nothing that usually puts out the red alerts when you are reading the history of a defendant to try to make the extraordinarily difficult judgment as to how dangerous this person will be to the vulnerable victims involved, and obviously that weighs heavily, very heavily with me, that I saw nothing of that nature here.

In terms of Mr. Bartolain's personal history and characteristics, he has led an unblemished life. He has been in the military. He has served our country under very hard circumstances for a number of years, truly hardship duty. He has never been involved with the law as I have indicated, and there is nothing to suggest that he will in the future.

It is very significant that when the final moment came to take action and to consummate his plan to have sex with this little girl, he walked away -- or he drove away. That was a conscious decision.

It was a moral decision as well, and that tells me that even though Mr. Bartolain was having many emotional problems at that point that he had the moral clarity and the power to control his own conduct to walk away -- drive away.

Again, that is very significant in terms of my trying to assess what the future will bring, and nobody can

predict the future, I know. I have no illusions about that.

He has also been totally cooperative. I know, of course, that he pled guilty very early on, and I do know that he has expressed extreme remorse from the very beginning, and I am sure given his parents' situation that there must be enormous embarrassment and humiliation involved.

It is always significant when a defendant has a great deal of family support. Sometimes it is not enough, but it is almost impossible for people to survive without that kind of family support, and it is clear that Mr. Bartolain has that from the letters that his mother wrote, his grandparent, Ms. Epely wrote. It is just very clear.

I am not concerned about protecting the public from further crimes of this defendant for all of the reasons that I have stated. I truly do not think that insofar as one can purport to predict that there will be further crimes by Mr. Bartolain, and certainly not of this nature.

For those reasons, and I think I pretty much covered them all, I don't find the guidelines -- the advisory guidelines reasonable in this case on these facts, and for those reasons I am going to depart below the guidelines significantly.

I know that the request is for a non-custodial sentence, and I have certainly thought long and hard about that.

Because of the seriousness of the offense, because it is essential that members of the public fully appreciate the seriousness of the offense -- and I do believe that certain kinds of crimes can be deterred by fear of punishment, and to some extent that sexual -- predatory sexual crimes can be deterred to some extent -- I do not think that a non-custodial sentence is appropriate, either.

That is a very hard decision, but I firmly believe that the public must comprehend how serous this offense is, and that probation sends all of the wrong singles.

In light of Mr. Bartolain's situation, however, in light of all of the positive factors that I have outlined, I do believe that an appropriate sentence is one of eighteen months.

It is a not insignificant period of time in anybody's life. It certainly tells people who have any control over their conduct that there will be a very, very heavy price to pay, and alerts the public and educates the public to the seriousness of the offense, and affords adequate deterrence to criminal conduct, again, not to Mr. Bartolain, but to other members of the public.

There are other very serious consequences that will flow from this conviction. The existence of a felony conviction in an of itself affects employment opportunities, and of course I know that.

The registration as a sex offender is a very serious sanction, and as I understand the statute as it was presented in the presentence report, the court has some discretion in terms of how long that is to be. And my ruling in this case is that Mr. Bartolain must continue his registration or maintain his registration for a period of ten years.

In terms of supervised release, again, I think an appropriate period of time is ten years. To put it more perhaps crassly, if Mr. Bartolain is going to run into any trouble, it is going to be in the next ten years. I very much doubt that he will, but I think that these ten years will be crucial, and if he passes these ten years, he will have obviously finished his custodial sentence, he will probably be back in the employment market and at least be on his way towards a career and will have stabilized his life.

There is one factor that I realize that I didn't mention in considering all of his characteristics, and it is a very important factor certainly, and that is that the records ~~to~~ reflect that Mr. Bartolain has serious issues of G.K. mental health.

He was certainly suffering from depression. He himself sought out treatment at a very early point, but as with so many other people, they think that they can do it

alone.

They think if they are intelligent and strong willed that they can overcome those kinds of problems, and that is rarely the case. First of all, medications are so fantastically helpful, and second of all you need professional -- anybody who has those problems needs professional guidance and counselling.

Unfortunately that wasn't obtained early on, and the problem certainly with depression only worsened. Whether the depression was a part of the bipolar disorder or not, I am not entirely clear on that, but certainly the current diagnosis is of bipolar disorder.

It is also clear that Mr. Bartolain is responding very well to the combination of medication and counselling, and that obviously also bodes well for the future, and I wanted to make sure that I mentioned that issue. G.K.

A fine is not recommended and will not be imposed. Restitution is not applicable. There is a special assessment of $100, and I am going to provide that that be paid either within ninety days or from prison earnings. Voluntary surrender will be allowed in this case.

I think the issue of treatment within the institution is very important, and I hear different things from different defendants and different lawyers in terms of whether defendants are getting the medicine that they

need, and Mr. Petrovich, you are going to have to work on that.

MR. PETROVICH: I will, Your Honor. I contacted one of the facilities that handles more extreme mental health cases, and I also contacted a probation officer that I know fairly well.

I think it is a situation where you have to follow up with the prison itself. They all essentially have the capability of meds and counselling at the facilities, but it has to be followed up and made sure that that is actually carried out.

THE COURT: Many of my defendants write to me and in some very specific cases I have heard that they haven't gotten their medications, and it is of great concern to me, so I think you have to be very much on top of it.

I should say that one of the conditions of supervised release will be continuation of supervision by an appropriate mental health professional. Of course that person will determine whether or not medication is still needed and counselling is still needed.

Let me look at one other things, because there are many, many conditions of supervised release. I am looking at page eleven of the presentence report. I don't believe that substance abuse treatment is at all relevant. G.K.

Let me ask the government. There are many

provisions spelled out in paragraph 71. Are there any particular ones that the government is concerned about in this case? Some are very burdensome, but in some factual situations would be very appropriate.

MS. HIMELSTEIN: Your Honor, to be frank with the court, I am not sure that they are in here, but there were two that I was going to ask the court to impose. One is not to go into chat rooms.

THE COURT: It is in here, although not in those terms. Well, there is a provision that the defendant shall not posses or use a computer that has access to any on-line computer service at any location, including his place of employment.

I think that is probably much too broad. Well, there is one that says, the defendant shall not utilize 900 adult telephone numbers or any other sexually related telephone numbers, and that should probably also have a provision that the defendant shall not enter any sexually oriented chat rooms on a computer.

MS. HIMELSTEIN: That would be fine, Your Honor. And then the additional provision I would ask for would be J, which says he shall have no direct or indirect contact with children age eighteen or younger.

THE COURT: Let me see that.

MS. HIMELSTEIN: It is on the top.

THE COURT: J, right. J may be included, and I know I will have to go over the order with Ms. Hightower.

MR. PETROVICH: Your Honor, with regard to the provisions, I mean refraining from a chat room, I don't think that that is a problem. I think once he is on probation and he is being monitored, I think it is -- I don't see why he is not allowed to access the internet. I think that would be a little far reaching.

THE COURT: No. I didn't bar access to the internet.

MR. PETROVICH: I didn't understand.

THE COURT: No.

MR. PETROVICH: And prior to that, no direct or indirect contact with children. I guess -- I understand the concern and the reservation about that, but I suppose that is also somewhat burdensome, and maybe that can be adjusted with the probation officer over time.

THE COURT: The probation officer can come back to me to ask for relaxation of that provision. It might be appropriate if a probation officer thinks it is appropriate to review it let us say a year after the defendant comes back into the population.

MR. PETROVICH: I think that would be reasonable, Your Honor.

THE COURT: Again, there is no question that that

would apply in certain situations, but certainly it doesn't have as strong a need in this case.

All right, anything further from everyone?

MS. HIMELSTEIN: No, Your Honor. Thank you.

MR. PETROVICH: And Your Honor, the conditions of probation are as you are going to order, not as what is listed in this?

THE COURT: No. The provisions will be what I specifically referred to, and then we have to work on some of the exact language.

MR. PETROVICH: Thank you very much, Your Honor.

And just for his parents' sake, they at this point are allowed to have the computers back in the house, is that acceptable to the court? Or should that be something they should wait --

THE COURT: I think until he voluntarily surrenders, and it won't be that long a period of time.

MR. PETROVICH: I understand.

THE COURT: Maybe a month or so at the most.

MR. PETROVICH: Very well, Your Honor, thank you.

THE COURTROOM DEPUTY: Defendant needs to be advised of his restaurant to appeal and also DNA testing.

THE COURT: Right. DNA testing is required under the statute.

Mr. Bartolain, you do have the right to take an

appeal from the sentence. If you wish to do so you have to let your lawyer know. You have to let him know within ten days so he can file the papers.

Do you understand that?

MR. BARTOLAIN: Yes, Your Honor.

THE COURT: All right. Parties may be excused.

MS. HIMELSTEIN: Thank you, Your Honor.

MR. PETROVICH: Thank you.

- - - - -

CERTIFICATE OF COURT REPORTER

I hereby certify that the foregoing is a complete and accurate transcription in the above-captioned matter.

[signature]

SUSAN PAGE TYNER, CVR-CM

OFFICIAL COURT REPORTER